# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 18-284E |
| | ) | |
| v. | ) | |
| | ) | |
| SUP'T MICHAEL CLARK, | ) | **District Judge Susan Paradise Baxter** |
|     Defendants. | ) | |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter

    Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] will be denied in accordance with 28 U.S.C. § 1915(g) and this case shall be closed until such time as Plaintiff pays the full filing fee of $400.00[1].

    Plaintiff Wayne Pettaway, currently incarcerated within the State Correctional System of Pennsylvania, presented this civil complaint against Superintendent Michael Clark.

    Plaintiff titles his filing as a "Injunction/Writ of Mandamus" and states, verbatim:

> "Injunction relief by the act of Congress, constitutional violation 4th 5th 6th 8th 13th 14th/Federal statute violation 9712.1-9714-9645/violation of no subject matter jurisdiction; criminal contempt violation, civil contempt violation/no due process/violation of court order case close by the Commonwealth of Pennsylvania Docket 277-Commonwealth vs. Pettaway, w./disrespect to the higher court blatent [sic] retaliatory measurements of a suspect class denial of Prison Litigation Reform Act denial of witness form no notice of misconduct, no reason or rational [sic], RHU pre-hearing confinement violation without subject matter jurisdiction, and disrespect to higher court order releases, I humbly request the United State[s]

---

[1] There is a filing fee of $350.00 and an administrative fee of $50.00. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

> Western District to please inforce [sic] this injunction of release of personal property for hygene [sic], commissary, legal books, legal writing court order of release typewriter, brothers colored KTV shaving kit[,] a count of my property list, for the, writ of mandamus to compell [sic] Superintendent Michael Clerk to produce his subject matter jurisdiction of his legal authority of restraint, injunction to stop this unlawful act, by the Act of Congress[.]."

ECF No. 1, page 2. Plaintiff seeks leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 3.

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific filer in this federal court. At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim upon which relief may be granted: Pettaway v. SCI Albion, C.A. No. 11-158Erie; Pettaway v. SCI Albion, C.A. No. 12-1396 (Third Circuit); Pettaway v. State of Pennsylvania, C.A. No. 13-1551Pittsburgh; Pettaway v. District Attorney Zappala, C.A. No. 15-1431Pittsburgh; Pettaway v. Overton, C.A. No. 13-213Erie; and Pettaway v. Overton, C.A. No. 15-2156 (Third Circuit).

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). See also Brooks-Bey v. Schmerfelt, 2011 WL

1398472, at *3 (M.D. Pa. March 21, 2011). There are no factual allegations in Plaintiff's self-titled "writ of mandamus" that indicate that Plaintiff is in any imminent danger.[2]

Because of these prior dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] will be denied in accordance with 28 U.S.C. § 1915(g) and this case shall be closed until such time as Plaintiff pays the full filing fee of $400.00. In accordance with Brown v. Sage, 903 F.3d 300, 307 (3d Cir. Sept.7, 2018), Plaintiff's complaint/writ will remain lodged.

An appropriate Order follows.

---

[2] It is a plaintiff's burden to prove entitlement to *in forma pauperis* status. Robert v. Walls, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) citing White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).